**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| TAMMY JOANNE SCHMIDT,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. C16-3017-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, Chief United States Magistrate Judge. *See* Doc. No. 17. Judge Williams recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party objected to the R&R.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of

the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

B.  *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

3

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. THE R&R

Schmidt applied for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act) on March 25, 2013. She alleged that she became disabled on February 11, 2013, due to asthma, migraines, auto-immune disease, arthritis, borderline osteoporosis, allergies, Clostridium difficile, high blood pressure, Graves' disease, acid reflux and hypothyroidism. Doc. No. 17 at 1-2 (citing Administrative Record (AR) at 222). After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Schmidt was not disabled as defined in the Act.

Schmidt argues the ALJ erred in determining that she was not disabled because:

1. Substantial evidence does not support the ALJ's decision that Schmidt is able to perform substantial gainful activity including past work.

2. The ALJ did not give appropriate weight to the opinions of Schmidt's treating physicians.

*See* Doc. No. 13. After reviewing her arguments, Judge Williams concluded Schmidt had actually raised four issues: (1) the ALJ failed to give proper weight to opinions of Schmidt's treating physicians, (2) she improperly evaluated claimant's credibility, (3) she relied upon a flawed opinion by the vocational expert and (4) she improperly determined Schmidt's residual functional capacity (RFC) with regard to her physical impairments. Doc. No. 17 at 8. Judge Williams addressed each of these issues in turn.

With regard to the medical opinions, Judge Williams noted that the ALJ gave "significant weight" to the opinions of the non-examining state agency medical

consultants. *Id.* at 9. The ALJ found that their opinions were reliable because they are familiar with the disability determination process and they had based their opinions on a comprehensive review of the record. *Id.* (citing AR at 21). The ALJ also gave significant weight to the opinion of treating source Brandt Riley, D.O. *Id.* The opinions of treating sources Gary Levinson, M.D., Jamie Brantner, Marcia E. Ring, Ph.D., and Carrie Lankin were given little to no weight. *Id.*

The ALJ gave Dr. Levinson's opinions little weight because they were "not supported by his own treatment notes" and made legal, rather than medical, conclusions. *Id.* She gave Brantner's opinion little weight because she was not an acceptable medical source and "her assessment [was] not reasonably supported by the findings of a contemporaneous examination." *Id.* She gave Dr. Ring's opinion no weight because none of her treatment records established a medically determinable mental impairment. *Id.* Finally, the ALJ gave little weight to Lankin's recommendation that Schmidt avoid using stairs because she was not an acceptable medical source and there was no evidence that Schmidt's knee pain had persisted. *Id.*

Schmidt argues that the ALJ should have given more weight to Dr. Levinson's opinion. Dr. Levinson specializes in pulmonary medicine and has treated Schmidt since 2005. *Id.* at 10. The ALJ discredited Dr. Levinson's opinion that Schmidt had uncontrolled asthma that essentially made her homebound. She noted that Schmidt did not present with any chronic respiratory abnormalities on exam. *Id.* at 12 (citing AR at 21). The ALJ also noted that Schmidt was asymptomatic during the overwhelming majority of appointments, which required her to venture into public. *Id.* Finally, the ALJ gave no weight to Dr. Levinson's statements that Schmidt was disabled and unable to return to her prior work because these were not medical opinions.

Schmidt argues the ALJ should have accounted for the fact that her condition improved after Dr. Levinson recommended she quit her job and stay at home to avoid the airborne irritants she encountered at work. Judge Williams noted the record shows

5

Schmidt's condition worsened in 2011 and 2012, at which time Dr. Levinson prescribed increasing dosages of steroids and other medication that carried adverse side effects. *Id.* (citing AR at 28-40, 402-441, 501, 509, 642). Schmidt took many hours of sick leave during this time due to her breathing problems. *Id.* (citing AR at 40-41, 260). Judge Williams noted that the record reflects that Dr. Levinson had advised Schmidt to quit her job to avoid exposure to irritants. *Id.* (citing AR at 580). The record also supports her assertion that her condition improved after she left her employment and stayed at home to limit her exposure to irritants. *Id.* at 12-13 (citing AR at 42, 567, 570).

Judge Williams concluded that the ALJ failed to provide good reasons for discounting Dr. Levinson's opinion in light of the medical records. First, he noted that the ALJ failed to address the change in symptoms after Schmidt left employment. Second, he did not find Schmidt's ability to attend doctor's appointments to be noteworthy because "there is an obvious, significant difference between the claimant's relatively brief exposure to irritants when attending a doctor's appointment and the exposure she would have working daily in an environment where she interacted with customers." *Id.* at 13. Finally, Judge Williams noted that the opinion's consistency with the medical records is only one factor the ALJ should consider in determining its weight. He found the remaining factors (whether the source had examined and/or treated the claimant and to what extent, whether the opinion relies on probative evidence and provides a persuasive rationale, the source's specialization and the source's familiarity with the Commissioner's standards and the extent to which the source is familiar with the case record) all supported giving greater weight to Dr. Levinson's opinion. Ultimately, Judge Williams concluded that the ALJ erred in assigning little weight to Dr. Levinson's opinion given that he is a pulmonary specialist who has treated Schmidt for years.

Judges Williams then addressed the ALJ's credibility determination. He noted that the ALJ stated she was "not persuaded by the claimant's reportedly extreme limitations with regard to her activities of daily living because those assertions lack

objective support and because she is a self-described 'homemaker.'" *Id.* at 15 (quoting AR at 20). Judge Williams concluded this was not a good, detailed reason for discrediting Schmidt's subjective allegations. *Id.* at 16. He noted that the ALJ did not acknowledge the medically-documented change in Schmidt's functionality after she stopped working and limited her exposure to irritants. The ALJ also failed to discuss Schmidt's daily activities and the objective support that she found was lacking. *Id.* Moreover, the ALJ failed to identify any inconsistencies between Schmidt's subjective allegations and the record and failed to discuss Schmidt's steady work history, which is generally considered indicative of credibility. *Id.* at 16-17. Finally, the ALJ failed to explain the significance of her statement that Schmidt was a self-identified homemaker. Because that statement can be interpreted multiple ways, Judge Williams stated that he was at a loss as to how it impacted the ALJ's credibility determination given that the ALJ provided no further explanation. Therefore, Judge Williams recommends this case be remanded for the ALJ to more fully explain her credibility determination. *Id.* at 18.

Next, Judge Williams addressed the opinion of the vocational expert (VE). *Id.* Schmidt argues the ALJ posed an inadequate hypothetical to the VE and therefore, should not have relied on the VE's testimony based on that hypothetical. Schmidt argues: (1) the ALJ failed to include her frequent absenteeism due to asthma in the hypothetical and (2) the VE testified she could perform work as a cashier/customer service representative, but that work requires contact with irritants, which the hypothetical explicitly prohibited. Judge Williams found no error with respect to the exposure to irritants in the cashier/customer service representative position, as the ALJ's hypothetical provided the individual could not be exposed to pulmonary irritants such as fumes, odors, dust or gases. The VE testified that an individual in a cashier/customer service representative position may be exposed to irritants such as the smell of smoke on customers' clothes or aromatic soaps. As long as those irritants were not problematic, then the VE testified she could return to her prior work. *Id.* at 18 (citing AR at 58-59). Judge Williams noted

7

the record supported the hypothetical question provided by the ALJ and it did not appear to be materially lacking. *Id.* With regard to Schmidt's absenteeism, however, Judge Williams recommends that the ALJ take a second look on remand, as this limitation appeared to be based on Dr. Levinson's opinion and Schmidt's testimony, which the ALJ had improperly discredited. *Id.* at 19.

Finally, with regard to Schmidt's RFC, Schmidt argues the ALJ should have accounted for her physical limitations. *Id.* The ALJ concluded Schmidt could perform light work. Schmidt argues she should have been limited to sedentary work because the medical evidence indicates she cannot stand for more than four to five hours a day or lift more than 10 to 15 pounds. *Id.* Judge Williams concluded the ALJ's RFC determination was supported by substantial evidence in the record. *Id.*

Based on the above analysis, Judge Williams recommends that I reverse the Commissioner's determination that Schmidt was not disabled and remand the case for further proceedings.

## IV.  DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards in concluding the ALJ failed to give appropriate weight to Dr. Levinson's opinion and failed to thoroughly explain her reasons for discrediting Schmidt's subjective allegations. I find no error – clear or otherwise – in Judge Williams' recommendation and adopt the R&R in its entirety.

## V.  CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' R&R (Doc. No. 17) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Williams' recommendation:

a.  The Commissioner's determination that Schmidt was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Williams.

b.  Judgment shall enter in favor of Schmidt and against the Commissioner.

c.  If Schmidt wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 21st day of February, 2017.

_____
LEONARD T. STRAND
CHIEF UNITED STATES DISTRICT JUDGE